**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

SHIRLEY HIRSHAUER,

          Debtor.

_____

GREGORY L. ATWATER,
as Chapter 7 Trustee,

          Appellant,

WANDA CLEMONS, et. al,

          Appellants,

vs.                                  Case No. 3:10-cv-198-TJC

SHIRLEY HIRSHAUER, et. al,

          Appellees.

_____

## ORDER

       This case is before the Court on appeal from the United States Bankruptcy Court,

Middle District of Florida, Jacksonville Division. Appellants Wanda Clemons, et al. (the

"Clemons Parties"), and the Trustee appeal the Bankruptcy Court's September 3, 2009

Findings of Fact and Conclusions of Law (the "Bankruptcy Order") and corresponding

judgment in favor of Appellees Shirley Hirshauer and her three sons – James Gerben, Randy

Gerben, and Jason Gerben – and against the Trustee. Doc. 1-4.[1] After extensive briefing

_____

    [1]    The Bankruptcy Order is a final order subject to review by this Court under 28 U.S.C. § 158(a)(1) and Rule 8001(a), Fed. R. Bankr. P. This appeal was delayed by an unsuccessful attempt to certify the case to the Eleventh Circuit for immediate review.

by the parties (Docs. 7, 9, 12, 13, 16, 17, 24, 25), the Court heard oral argument on March 23, 2011 (Doc. 27), the record of which is incorporated herein by reference.

## I.   Background

On June 19, 2007, the Clemons Parties filed an involuntary Chapter 7 bankruptcy petition against Hirshauer in the Bankruptcy Court.  A month after the petition was filed, the Circuit Court for Queen Anne's County, Maryland, issued a Memorandum Opinion and Judgment (the "Maryland Judgment") in favor of the Clemons Parties and against each of the Appellees which avoided the transfer for no consideration by Hirshauer to her sons of 47 acres of real property located on Busic Church Road, Queen Anne's County, Maryland (the "Property").  On July 7, 2008, the Trustee filed a two-count adversary complaint against the Clemons Parties[2] and the Appellees which sought entry of a judgment (i) declaring that the Maryland Judgment was not entered in violation of the automatic stay imposed by 11 U.S.C. § 362, or alternatively, that the judgment was not void as to Hirshauer's sons, who were the only necessary parties to the Maryland fraudulent conveyance action; or (ii) alternatively, avoiding the transfer of the Property pursuant to 11 U.S.C. § 544 and the Maryland Uniform Fraudulent Conveyance Act.  After a brief trial on February 26, 2009, the Bankruptcy Court issued the Bankruptcy Order, which found that the Maryland Judgment was entered in violation of the automatic stay, that Hirshauer was a necessary party under Maryland law, and that the transfer of the Property was not fraudulent under Maryland law.

---

[2]   The Clemons Parties and the Trustee later entered into a stipulation which aligned their interests in the adversary proceeding.

2

Appellants contest the latter two findings on appeal.[3]

## II.      Standard

In reviewing issues on appeal from a bankruptcy court, this Court functions in an appellate capacity. <u>Equitable Life Assurance Soc'y v. Sublett (In re Sublett)</u>, 895 F.2d 1381, 1383-84 (11th Cir. 1990); Fed. R. Bankr. P. 8013. This Court therefore must review the Bankruptcy Court's legal conclusions <u>de novo</u> and must accept the Bankruptcy Court's factual findings unless they are clearly erroneous. <u>In re Englander</u>, 95 F.3d 1028, 1030 (11th Cir. 1996). This Court must give due regard to the Bankruptcy Court's credibility determinations, <u>see</u> <u>id.</u>, "because the bankruptcy court is best able to assess the credibility and evidentiary content of the testimony of the witnesses before it." <u>In re O'Lone</u>, 2010 WL 5095844 at *1 (11th Cir. 2010)(citing <u>In re Chalik</u>, 748 F.2d 616, 619 (11th Cir.1984)).

## III.     Analysis

### A.      Whether Hirshauer Was a Necessary Party

Appellants first contend that the Bankruptcy Court erred as a matter of law in concluding that the Maryland Judgment was void not only as to Hirshauer but also as to her sons, the Gerbens. Specifically, Appellants argue that the automatic stay protects only the

---

[3]     The issue of whether the Maryland Judgment violated the automatic stay was the Trustee's main point of contention in the underlying adversary proceeding; in fact, it was the <u>only</u> issue upon which the Trustee submitted briefing to the Bankruptcy Court in advance of the February 26, 2009 trial. Appellants initially challenged in this Court the Bankruptcy Court's finding that the stay had been violated; however, counsel for the Trustee conceded the issue at oral argument in light of <u>Ellison v. Northwest Engineering Co.</u>, 707 F.2d 1310, 1311 (11th Cir. 1983)(finding automatic stay applied to stay action where Northwest filed a bankruptcy petition "after the parties had filed briefs and this panel had heard oral argument but prior to the court's decision.") As a result, the Court will not address the issue.

debtor, Hirshauer, and that the Gerbens, as non-bankrupt parties to the Maryland Judgment, are unprotected by the stay.  See Ruby Tuesday v. Thomas, 37 Fed. Appx. 821, 824 (7th Cir. 2002).  However, as Appellants concede, the Maryland Judgment remains viable as to the Gerbens only if Hirshauer, as grantor of the Property, was not a necessary party to the Maryland fraudulent conveyance action.

The Bankruptcy Court, relying on Lovejoy v. Irelan, 17 Md. 525 (1861), concluded that under Maryland law, the grantor/transferor is a necessary party in a fraudulent conveyance action "on account of the fraud charged."  Bankruptcy Order at 6 (quoting Lovejoy, 17 Md. 525 at *1).  Appellants have produced no Maryland authority which shows that this principle of law has been abrogated;[4] in fact, all indications are that it is still recognized as the law of the state.   See Maryland Law Encyclopedia, Fraudulent Conveyances § 32 (2011)(citing Lovejoy for the proposition that the grantor is a "necessary part[y] to an action to set aside a conveyance alleged to be fraudulent.")  Thus, while understanding that the modern trend in other jurisdictions appears to be to the contrary, especially where the grantor retains no interest in the transferred property, this Court has been presented with no basis to find that the Bankruptcy Court erred in holding that Hirshauer was a necessary party to the Maryland fraudulent conveyance action and that the

---

[4]      Rather, the case Appellants cite in support of their position that a grantor is no longer a necessary party to a Maryland fraudulent conveyance action, Cruikshank-Wallace v. County Banking & Trust Co., 885 A.2d 403 (Md. Ct. Spec. App. 2005), does not address this issue at all.  Despite Lovejoy's age, Appellants concede that they have been unable to find a more modern Maryland case that rules to the contrary.  Cf. National Mortg. Warehouse, LLC v. Trikeriotis, 201 F. Supp. 2d 499, 505 (D. Md. 2002)(noting the defendant's argument that "under Maryland law, a debtor must be joined in an action by a creditor against the recipient of a fraudulent conveyance," which cited Lovejoy as support).

Maryland Judgment is void, invalid and non-binding as to both Hirshauer and her sons.[5]

### B.      Whether the Transfer of the Property Was a Fraudulent Conveyance

Appellants next contend that the Bankruptcy Court (1) made clearly erroneous factual findings and (2) erred in its application of Maryland law in determining that the transfer of the Property by Hirshauer to her sons was not avoidable pursuant to 11 U.S.C. § 544 and Maryland Code, Com. Law §§ 15-204, 15-206 or 15-207.

The Bankruptcy Court first addressed whether Hirshauer transferred the Property with the actual intent to hinder, delay, or defraud her present or future creditors under § 15-207.[6] In its analysis, the Bankruptcy Court considered the "indicia of fraud" as required by prevailing Maryland law. See In re Wellcraft Marine Corp. v. Roeder, 314 Md. 186, 189-90 (1988), citing Berger v. Hi-Gear Tire & Auto Supply, Inc., 257 Md. 470, 476 (1970).  The Bankruptcy Court found that some of the indicia of fraud were present –  namely, that the Property was transferred for no consideration, that Hirshauer's sons were the transferees, and that there were elements of secrecy about the transfer.  However, the Bankruptcy Court also found that a number of the indicia were absent – namely, that Hirshauer was solvent at the time of the transfer, and that the wrongful death action brought against Hirshauer by

---

[5]     While the Clemons Parties argue here that Hirshauer was not a necessary party to the Maryland fraudulent conveyance proceedings, they were the very ones who named her as a party in those proceedings in the first place.

[6]     "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors, is fraudulent as to both present and future creditors." Md. Comm. L. Art. §15-207.

5

the Clemons Parties did not prompt the transfer.[7] The Bankruptcy Court also had before it uncontradicted evidence that the transfer of the Property was pursuant to a long-standing family plan. "Upon a review of the indicia of fraud and the totality of the circumstances," the Bankruptcy Court found that Hirshauer did not transfer the Property to her sons with actual fraudulent intent. Bankruptcy Order at 8.

The Bankruptcy Court next considered whether the transfer was constructively fraudulent under §§ 15-204[8] or 15-206.[9] Combining its prior findings in the Homestead Opinion with the testimony and evidence presented at the February 26, 2009 trial, the Bankruptcy Court concluded that Hirshauer (1) was solvent in December 2004 when she transferred the Property, and (2) did not believe that she was likely to incur debts beyond her

_____

[7] In its analysis of Hirshauer's solvency, the Bankruptcy Court relied heavily on findings and conclusions it had made in a previous adversary proceeding on a much more complete record than is present in this case. See July 16, 2009 Findings of Fact and Conclusions of Law in Adversary Number 3:08-ap-20 (the "Homestead Opinion"). In the Homestead Opinion, the Bankruptcy Court avoided a transfer of property from Hirshauer to herself and her husband as fraudulent, and openly questioned Hirshauer's credibility. Despite this, the Bankruptcy Court concluded in the Homestead Opinion that Hirshauer was solvent in June of 2005 because she had valuable assets to her name and could not have expected the large judgment that was ultimately entered against her in the Clemons Parties' wrongful death action. No party appealed the Bankruptcy Court's findings and conclusions in the Homestead Opinion.

[8] "Every conveyance made and every obligation incurred by a person who is or will be rendered insolvent by it is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration." Md. Comm. L. Art. §15-204.

[9] "Every conveyance made without fair consideration when the person who makes it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and other persons who become creditors during the continuance of the business or transaction without regard to his actual intent." Md. Comm. L. Art. §15-206.

6

ability to pay. In light of these findings, the Bankruptcy Court concluded that the transfer of the Property was not constructively fraudulent.

Appellants contend that in making its findings on fraudulent intent, the Bankruptcy Court improperly "weighed" the indicia of fraud, and thus erroneously applied Maryland law. They argue that once certain indicia are present, a court is required, as a matter of Maryland law, to find fraudulent intent. This argument is unavailing. See In re Wellcraft, 314 Md. at 190 ("where there is a concurrence of several such badges of fraud an inference of fraud *may be warranted.*")(emphasis added and quotation omitted). As a result, the Court will not disturb the Bankruptcy Court's evidentiary conclusion that the transfer did not violate § 15-207.

Appellants next argue that the Bankruptcy Court erred as a matter of Maryland law by improperly placing the burden on the Trustee to prove Hirshauer's insolvency. There is no support in the sparse record for this contention. Rather, it appears that the Bankruptcy Court considered the evidence before it and made a *factual* conclusion that Hirshauer had met any burden she might have borne; e.g., that she (1) was solvent in December 2004 when she transferred the Property and (2) did not believe that she was likely to incur debts beyond her ability to pay. This Court cannot say that such findings, based upon testimony and evidence before the Bankruptcy Court, are clearly erroneous. See In re O'Lone, 2010 WL 5095844 at *1 ("We generally do not disturb the bankruptcy court's credibility determinations, because the bankruptcy court is best able to assess the credibility and

evidentiary content of the testimony of the witnesses before it.")(citations omitted).[10]

Accordingly, it is hereby

**ORDERED**:

1.      The United States Bankruptcy Court's September 3, 2009 Findings of Fact and Conclusions of Law and corresponding judgment are **AFFIRMED**.  The Clerk should close the file.

2.      The Court appreciates the service of court-appointed counsel.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of March, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:

Honorable Jerry A. Funk
United States Bankruptcy Judge

counsel of record

---

[10]   In reaching this conclusion, the Court relies in part on the Court's colloquy with Appellants' counsel at oral argument (incorporated by reference here) regarding the state of the record before the Bankruptcy Court.